### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **CRIMINAL ACTION FILE** |
| v.     ) | |
| ) | **NO. 1:15-CR-46-02-AT-AJB** |
| **ISADORE RASHAAD SNEAD, III,** ) | |
| ) | |
| **Defendant.** ) | |

### UNITED STATES MAGISTRATE JUDGE'S ORDER
### AND FINAL REPORT AND RECOMMENDATION

This case was re-referred to the undersigned to determine Defendant's competency. [Doc. 55]. The Court then scheduled a hearing to determine Defendant's competence to stand trial. The Court had received communication from the lawyers that both parties stipulated to Dr. Hilton's Forensic Psychiatry Examination Report that concluded that Defendant was competent to stand trial. At the hearing, however, defense counsel advised that Defendant had just informed him that he has been seeing a psychologist for several months who has diagnosed him with PTSD. [Doc. 71]. As a result, Defendant was ordered to submit his medical records for the previous twenty-four months to the undersigned for review, after which the Court would determine whether another hearing was required. [*Id.*]

*Facts*

Dr. Hilton concluded in his April 15, 2016, report that although Defendant was somewhat slow in expressing himself, that he had a reasonable understanding of his current legal situation and the potential consequences, and that he reported a willingness and ability to work with his attorney, but recommended that if he was to testify, that he be given necessary time between questions to collect his thoughts and to prepare his statements.  Dr. Hilton concluded that Defendant was not suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist in his defense, and also that he was capable of making decisions about a possible plea agreement.  Hilton Report at 9.

The Court reviewed the additional medical records provided (filed under seal as Exhibits 1-22), which begin in March 2014, as well as the notes from Malcolm E. Anderson, Ph.D., P.C., Defendant's psychotherapist, (Anderson Notes) which notes pre-date and post-date Dr. Hilton's report, to determine whether there was reasonable cause to believe that contrary to Dr. Hilton's conclusion, Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings

2

against him or to assist properly in his defense.  18 U.S.C. § 4241(a).  For the following reasons, the Court concludes there is not.

Defendant was in an automobile accident in March 2014 in which he suffered a head injury with no loss of consciousness or amnesia as to the event.  Ex. 1 at 2.  He was oriented and not in distress three days post-accident.  *Id.* at 3.  No abnormality of his brain was identified by CT imaging.  *Id.* at 4.

He was in another motor vehicle accident on March 2015.  Again, he suffered no loss of consciousness nor amnesia, and was well-oriented when seen one and a half months later.  Ex. 2 at 4.  He had a normal mood and affect.  *Id.* at 5.  Throughout the summer and fall of 2015 and through the winter of 2016, he was seen by health care providers, with his main complaints of neck and back pain and headaches.  *See* Exs. 5 (at 2 (also describing blurred vision and nausea, and 7 (describing post-concussive symptoms)); 7 at 2 (describing Defendant as oriented, with long- and short-term memory intact, and no speech problems); 9 at 1 (MRI results show unremarkable brain appearance); 11 at 1 (noting that Depakote and Fiorocet at bedtime improved his symptoms); 12 at 3 (noting "[c]urrently slowly improving on the current medication regime"); 13 at 1 (recommending follow-up with neurologist for headaches); 14 at 1 (prescribing additional medications for headaches but otherwise well-oriented

3

with no speech abnormalities); 16 at 2 (dated 1/14/2016-denying any past/present psychiatric problems). He was referred for a psychiatric evaluation for post-traumatic anxiety/stress on June 17, 2015. Ex. 8. However, other than Dr. Anderson's notes (and Dr. Hilton's report), there were no psychological records submitted.

Dr. Anderson noted on intake that Defendant was well-oriented, although he had difficulty staying on subject and his speech was slow. His mood was very depressed but no suicidal or psychotic symptoms were observed. Anderson Notes at 10. In a follow-up session on April 8, Defendant discussed his motivational and financial concerns, but he acknowledged that he understood the nature and intention of the lien that Dr. Anderson was placing with the attorney handling Defendant's civil case. *Id.* at 13. Further sessions showed some improvement in his mood, his recognition of choices he had to make in life, and that he was employed, even though the notes still record his concerns about his finances and the future. *Id.* at 13-14. However, nothing in Dr. Anderson's notes contradicts Dr. Hilton's conclusions that Defendant is competent to stand trial and assist his attorney in his defense.

### *Discussion*

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent." *United States v. Rahim*, 431 F.3d 753, 759

4

(11th Cir. 2005) (citing *Pate v. Robinson*, 383 U.S. 375, 378 (1966)). An individual is considered competent to stand trial when he has the sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and he has a rational and factual understanding of the proceedings against him. *United States v. Nickels*, 324 F.3d 1250, 1252 (11th Cir. 2003); *see also Dusky v. United States*, 362 U.S. 402 (1960); 18 U.S.C. § 4241(a), (d), (e) (noting that a court must find a defendant incompetent when a preponderance of the evidence shows that "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). The following factors are relevant in assessing competency: "a defendant's past medical history, the opinion of psychiatric experts, and the defendant's behavior during trial." *Woodall v. Foti*, 648 F.2d 268, 273 (5th Cir. Unit A, June 16, 1981).[1] The government bears the burden of proving that a defendant is competent to stand trial at a competency hearing. *United*

---

[1] "In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), [the Eleventh Circuit] adopted as binding precedent all cases decided by the Fifth Circuit, including both Units A and B, prior to October 1, 1981." *Georgia Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1290 n.1 (11th Cir. 2007).

5

*States v. Izquierdo*, 448 F.3d 1269, 1277 & n.7 (11th Cir. 2006) (citing *United States v. Makris*, 535 F.2d 899, 906 (5th Cir. 1976)).

The Court concludes that Defendant is competent to stand trial and assist his attorney in his defense.

First, the Court notes that Defendant behaved appropriately during the short proceedings before the undersigned.  Significantly, he voluntarily advised his lawyer before and during the hearing that there were additional medical treatments that were relevant on the issue before the Court.  He appeared to be aware of the proceedings and was alert.

Second, the psychiatric opinion of Dr. Hilton, to which the parties stipulated, indicates that Defendant is competent to stand trial.

Third, the medical history before the Court demonstrates that Defendant's mental condition does not qualify as incompetent under § 4241.

As discussed above, three factors—Defendant's demeanor during the hearing, the medical opinion, and Defendant's medical history—indicate that Defendant is competent to stand trial.

"A trial judge has a continuing, affirmative responsibility to ensure that a defendant is not tried while incompetent." *Maxwell v. Roe*, 113 Fed. Appx. 213, 215

AO 72A
(Rev.8/82)

(9th Cir. Oct. 22, 2004). Courts have "acknowledged the dramatic changes that can take place in a defendant's mental state in even a short period of time." *Id.* at 216. As a result, it is unreasonable for a court to rely on a stale competency determination when there is new evidence of incompetency. *Id.* (citing *deKaplany v. Enomoto*, 540 F.2d 975, 980-81 (9th Cir. 1976) (*en banc*)); *cf. Sanchez-Velasco v. Sec'y of Dep't of Corrs.*, 287 F.3d 1015, 1030 (11th Cir. 2002) (holding that state court's competency determination was presumptively correct where there was no evidence that inmate's mental condition had changed since the competency determination).

The Court is unpersuaded that the competency determination is stale in this case. The Court has not been advised of any change in Defendant's mental status. Defendant is directed to update his medical records in objecting to the Report and Recommendation to the District Court.

Based on the foregoing discussion, the Court concludes that Defendant is presently competent to stand trial because he has the ability to consul with his attorney with a reasonable degree of understanding and he has a rational and factual understanding of the proceedings being brought against him. *Cf. United States v. Caraza*, 843 F.2d 432, 437 (11th Cir. 1988) (finding no error in court's competency determination where testimony revealed that defendant's schizophrenia condition

7

AO 72A
(Rev.8/82)

improved while on medication and defendant cooperated with the defense expert); *United States v. Frazier*, 255 F. Supp. 2d 27, 31-32 (D. Conn. 2001) (finding defendant to be incompetent where evidence indicated that defendant operated at a cognitive ability just above mild retardation and exhibited signs of psychotic illness).

### *Conclusion*

Accordingly, the undersigned **RECOMMENDS** that the District Judge **CONCLUDE** that Defendant **IS COMPETENT TO STAND TRIAL**. The Clerk is **DIRECTED** to file the medical records under seal. The Clerk further is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this the 8th day of September, 2016.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE